IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JUAN CARLOS GUTIERREZ,**

        **Plaintiff,**

        v.                     CASE NO. 13-3047-SAC

**WICHITA POLICE DEPT.,**
**et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Giles W. Dalby Correctional Facility, Post, Texas. Mr. Garcia seeks the return or "equivalent value" of property that he claims was seized "pursuant to his detention by WPD officer" and forfeited without notice. Plaintiff is required to satisfy the filing fee and to show cause why this action should not be dismissed on several grounds including his failure to state a federal constitutional claim and expiration of the statute of limitations.

### FILING FEE

The statutory fee for filing a civil action in federal court is $350.00. Mr. Gutierrez has not paid this fee. Nor has he submitted a motion for leave to proceed without prepayment of fees. This action may not proceed unless and until plaintiff satisfies the

1

filing fee in one of these two ways.

28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion together with an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  A Motion to Proceed without Prepayment of Fees must be submitted upon court-approved forms.  If plaintiff does not satisfy the filing fee by either paying the full fee or submitting a properly supported motion within the time allotted, this action may be dismissed without prejudice and without further notice.

Mr. Gutierrez is reminded that under § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the full $350.00 fee for each civil case that he files in federal court.  Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by § 1915(b)(2).[1]

**ALLEGATIONS AND CLAIMS**

As the factual background for this lawsuit, plaintiff alleges

---

[1] If leave is granted, the Finance Office of the facility where plaintiff is currently confined will be authorized pursuant to § 1915(b)(2) to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

the following. On September 29, 2010, he was arrested by the Wichita Police Department (WPD) on drug trafficking charges in case no. 10C069667, and his personal property was seized and detained by the WPD. The property seized and forfeited included $2,723.76 in U.S. currency, clothes, jewelry, cell phones, a 2004 Cadillac Escalade, and other miscellaneous items. In 2011, plaintiff was "designated to the Federal Correctional Institution." In November, 2012, Gutierrez sent a letter to the WPD seeking return of part of the currency and the Cadillac. He exhibits a letter from a detective at the WPD dated November 6, 2012, in which he was informed that a forfeiture action had been filed on all money seized in the case, which was $2723.76, that all but $281.00 of this amount "came from other persons or locations" than Mr. Gutierrez, and that the currency was awarded to the WPD under "District Court Case number 11CV4042" in November 2011. Plaintiff was also informed that the only vehicle seized, a 2004 Cadillac Escalade, had been "picked up by the lien holder" credit union.

Plaintiff claims that defendants acted without due process and with deliberate indifference to his constitutional rights by failing to provide him with adequate notice of the judicial forfeiture and the disposition of his Cadillac, in legally holding and then releasing his vehicle to the lien holder, and by forfeiting his currency. In addition, he asserts that defendants' acts violated his right to be free from illegal seizures and forfeitures.

3

Plaintiff seeks "the return of $2640.00 in U.S. currency, a 2004 Cadillac, and all other property that was seized pursuant to his detention by WPD officer." He also seeks "the equivalent value of $18,000.00," punitive damages of $10,000, compensatory damages of $8,000, and costs.

Plaintiff alleges that he has not initiated any other lawsuit in state or federal court dealing with the same facts. In response to the question on his form complaint regarding administrative remedies, he refers only to the letter he wrote to the WPD and the response.

**SCREENING**

Because Mr. Gutierrez is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Nonetheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). To avoid dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(citation omitted). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. Having screened all materials filed under these standards, the court finds that the complaint is subject to dismissal for the following reasons.

## **DISCUSSION**

Plaintiff's claim of illegal search and seizure is nothing more than a "formulaic recitation of the elements of a cause of action." He makes the bald statement that this constitutional right was violated, but alleges no facts whatsoever regarding the

5

circumstances of a search or seizure to support such a claim.

With respect to plaintiff's claim of wrongful deprivation of property, even if the court accepts as true plaintiff's allegations that his property was improperly taken, held, or disposed of by WPD employees, plaintiff fails to state a federal constitutional violation under § 1983. This is because Kansas provides adequate post-deprivation remedies to persons who believe they have suffered a tortious loss at the hands of state or local officials; and where the State provides an adequate remedy, that remedy itself constitutes the due process required by the Fourteenth Amendment. Plaintiff's allegations indicate that he has not utilized the state court remedies that are available. He has not filed a motion in the state district court that issued the seizure warrant or in the state district court in which the state forfeiture proceedings were conducted. He does not allege that he has filed any sort of tort claim in state court, and instead reveals that he has filed no state action. Plaintiff's allegations in no way suggest that state-court remedies were unavailable. *See United States v. Copeman*, 458 F.3d 1070, 1073 (10th Cir. 2006). The court finds no other fact allegations in the complaint that, even when liberally construed, amount to a federal constitutional violation under § 1983.

Finally, the court notes that according to plaintiff's allegations in the complaint, the alleged property seizures occurred on September 29, 2010. This complaint was not filed until March

2013, which is more than two years after the events upon which the complaint is based. The statute of limitations in a § 1983 lawsuit is that of the general personal injury statute in the state where the action arose. *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999). In Kansas, that is two years. It thus appears from the face of the complaint that plaintiff's claims under § 1983, if any, are barred by the applicable two-year statute of limitations.

Plaintiff is given time to satisfy the filing fee and to show cause why this action should not be dismissed for the reasons stated herein. If he fails to do so within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is given thirty (30) days from the date of this Order in which to either pay the $350.00 filing fee in full or submit a properly-supported motion to proceed without prepayment of fees upon court-approved forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to show cause why this action should not be dismissed for all the reasons set forth herein including failure to state a federal constitutional claim and expiration of the statute of limitations.

The clerk is directed to send IFP motion forms to plaintiff.

**IT IS SO ORDERED.**

Dated this 25th day of April, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge